# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **BARBARA DAY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action Number |
| **v.** ) | **5:12-cv-03548-AKK** |
| ) | |
| **ALLSTATE INDEMNITY** ) | |
| **COMPANY et al.,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION

Plaintiff Barbara Day pursues this claim against Defendants Allstate Insurance Company and Allstate Indemnity Company (collectively "Allstate") for breach of contract and bad faith. Doc. 1-1 at 3–4. Day, who is *pro se*[1], contends that Allstate failed to pay her the amount due under her insurance policy after a fire destroyed her mobile home, and that Allstate lacked any reasonable

---

[1] "'Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Osahar v. Postmaster Gen. of U.S. Postal Serv.*, 263 F. App'x. 753, 761 (11th Cir. 2008) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). "However, in the context of summary judgment, even though pro se pleadings are entitled to a more lenient interpretation, 'the plaintiff must still meet the essential burden of establishing that there is a genuine issue as to a fact material to his case.'" *Id.* (quoting *Holifield v. Reno*, 115 F.3d 1555, 1561 (11th Cir. 1997)). "Furthermore, a pro se litigant 'is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure.'" *Blakely v. Johnston*, Civil Action No. 10-0026-CG-N, 2010 WL 4269186, at *2 (S.D. Ala. Sept. 21, 2010) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).

justification for its failure to pay. *Id.* at 4. Allstate moves to dismiss Day's bad faith claim, doc. 17, and the motion is fully briefed and ripe for review, docs. 18 and 26. Based on a review of the evidence and the law, the court finds that Allstate had an arguable, debatable basis for its claim decision. Consequently, Allstate's motion is granted.

## I. SUMMARY JUDGMENT STANDARD OF REVIEW

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "Rule 56[] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (alteration in original). The moving party bears the initial burden of proving the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the nonmoving party, who is required to "go beyond the pleadings" to establish that there is a "genuine issue for trial." *Id.* at 324 (citation and internal quotation marks omitted). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The court must construe the evidence and all reasonable inferences arising from it in the light most favorable to the non-moving party. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see also Anderson*, 477 U.S. at 255 (all justifiable inferences must be drawn in the non-moving party's favor). Any factual disputes will be resolved in the non-moving party's favor when sufficient competent evidence supports that party's version of the disputed facts. *See Pace v. Capobianco*, 283 F.3d 1275, 1276, 1278 (11th Cir. 2002) (a court is not required to resolve disputes in the non-moving party's favor when that party's version of events is supported by insufficient evidence). However, "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (per curiam) (citing *Bald Mountain Park, Ltd. v. Oliver*, 863 F.2d 1560, 1563 (11th Cir. 1989)). Moreover, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 252)).

## II. FACTUAL ALLEGATIONS

The following facts do not appear to be in dispute. On April 25, 2012, a fire damaged Day's home and personal property. Doc. 18 at 1. Allstate insured the damaged property under a manufactured home policy. *Id.* On April 30, 2012,

Allstate adjusters Henry Woodall and Brenda Fuller inspected Day's home and told Day Allstate would declare it a total loss. *Id.* at 2. Fuller and Day completed an itemized personal property inventory list for Day to submit as part of her claim. *Id.* Day told Fuller that the items on the list constituted the full extent of her claim, and that "nothing unusual or expensive" was in the home at the time of the fire. *Id.* (quoting doc. 18-2 at 27 (Day's Claim history report)).

A week later, Day contacted Allstate and informed it that she failed to include on her personal property inventory list $10,000 worth of artwork damaged in the fire. *Id.* Based on this claim for $10,000 of previously unreported artwork and the "undetermined" finding for the cause of the fire, Allstate transferred Day's claim to Special Investigations Unit adjuster Lisa Barkley for further investigation. *Id.*

Barkley subsequently met with Day to take her statement and inspect the artwork. Although the artwork consisted of unframed prints marked with price tags ranging from $1.00 to $85.00, most of which were less than $5.00, *id.* at 3, Day told Barkley she purchased the artwork years earlier near Gunbarrel Road in Chattanooga, Tennessee for $10,000.[2] Day subsequently executed a sworn

---

[2] Barkley was unable to locate any art dealers or galleries near Gunbarrel Road, but did find a Michael's Art Supply and Hobby Lobby, which sell unframed cardboard prints similar to the items claimed by Day. Doc. 18 at 3. Day submitted a letter to the court from a chiropractor who owns a business at the intersection of Gunbarrel Road and East Brainerd Road in Chattanooga stating that when he bought his property in 1997, an art gallery was located in the same complex, and that he was unsure of the date when the gallery closed. Doc. 26 at 3.

4

statement attesting that she purchased the artwork for $10,000. *Id.* at 3–4. Allstate denied Day's claim, and Day initiated this lawsuit. *Id.* at 4.

## III. ANALYSIS

Under Alabama law, "the tort of bad faith refusal to honor a direct claim arises when there exists no lawful basis for the refusal coupled with actual knowledge of that fact. 'No lawful basis' . . . means that the insurer lacks a legitimate or arguable reason for failing to pay the claim." *Gulf Atlantic Life Ins. Co. v. Barnes*, 405 So. 2d 916, 924 (Ala. 1981) (internal quotation marks omitted). Consequently, a plaintiff alleging bad faith bears the burden of presenting evidence of an absence of any lawful basis for the insurer's refusal to pay.

Day submitted three pieces of evidence to the court in support of her contention: the letter described in note 2, *supra*, a notice of hearing, and a delinquent tax notice. Doc. 26 at 3–5. At best, the letter supports Day's claim that she purchased the artwork at a gallery in Chattanooga. However, it offers no support for the key fact Day must establish to survive Allstate's motion: that the artwork was indisputably worth $10,000. The relevance of the notice of hearing and delinquent tax notice is unclear. In any event, neither addresses the key issue before this court and, as such, offer no evidentiary value.

In contrast, Allstate has submitted evidence firmly establishing that it had a legitimate or arguable reason for refusing to pay Day's claim, i.e. suspected fraud.

Under Day's policy, no coverage is provided if "any insured person has concealed or misrepresented any material fact or circumstance." Doc. 18-1 at 5. In support of her contention, Day claimed that she purchased the artwork in question for $10,000, in spite of the fact that the prints were marked with price tags ranging from $1.00 to $85.00, most of which were less than $5.00. Based on these facts, Allstate clearly had reason to suspect Day of misrepresenting the value of the artwork, and consequently had a legitimate or arguable reason for refusing to pay Day' claim. In fact, Day admitted as much during her deposition:

> Q: Okay. Looking back on it now, ma'am, do you see how someone in Allstate's position or Ms. Barkley's position would look at that, these pieces of art and the price tags on them and think, if somebody told me they paid $10,000 for this, they may not be telling me the truth. Do you see how they might think that?
> A: Yes.

Doc. 18-7 at 1–2.

Because Day has failed to present evidence indicating an absence of any lawful basis for Allstate's decision to deny her claim, Allstate's motion for summary judgment on Day's bad faith claim is granted. The court will enter a separate order consistent with this opinion.

Done this 21st day of March, 2014.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE